JAMES A. McDEVITT
United States Attorney
JAMES R. SHIVELY
First Assistant United States Attorney
ROLF H. TANGVALD
Assistant United States Attorney
Post Office Box 1494
Spokane, Washington 99210-1494
Telephone: (509) 353-2767
Fax: (509) 353-2766

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 24 2003

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL R. AUTERY, et ux., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | NO. CT-02-5113-EFS <br><br> UNITED STATES' ANSWER TO AMENDED COMPLAINT |

The United States of America, by and through James A. McDevitt, United States Attorney for the Eastern District of Washington, James R. Shively, First Assistant United States Attorney, and Rolf H. Tangvald, Assistant United States Attorney, on behalf of its agencies, the United States Department of Energy and the United States Department of the Interior, Fish and Wildlife Service, respectfully submit this Answer to Plaintiffs' Amended Complaint, filed February 13, 2003.

## PARTIES

1.  With respect to paragraph 1 of Plaintiffs' Amended Complaint, the United States is without current sufficient information in which to form an opinion or conclusion as to the truth of the matters asserted. As such, the United States denies the allegations contained in paragraph 1.

2. With respect to paragraph 2, the United States admits that Mutual of Enumclaw Insurance Company is a corporation in the State of Washington duly authorized to engage in business in the State of Washington. With respect to the remaining allegations contained in paragraph 2, the United States is without sufficient information to form an opinion as to the truth of the matters asserted. As such, the United States denies.

3. With respect to paragraph 3, the United States admits that Foremost Insurance Company is a corporation engaging in business in the State of Washington. With respect to the remaining allegations set forth in paragraph 3, the United States is without sufficient information to form an opinion as to the truth of the matters asserted. As such, the United States denies.

4. With respect to paragraph 4, the United States admits that Pemco Insurance Company is a Washington Corporation engaging in business in the State of Washington. With respect to the remaining allegations contained in paragraph 4, the United States asserts that it is without sufficient information to form an opinion as to the truth of the matters asserted. As such, the United States denies.

5. With respect to paragraph 5, the United States admits that Interested Underwriters at Lloyds of London is an affiliation of underwriters and insurers formed under the laws of the United Kingdom and that said entity is authorized to engage in the insurance business in the State of Washington. With respect to the remaining allegations contained in paragraph 5, the United States asserts that it is without sufficient information to form an opinion as to the truth of the matters asserted. As such, the United States denies.

6. The United States is without sufficient information to form an opinion as to whether or not Benton County P.U.D. is a Washington Municipal Corporation, licensed in Washington and doing business in Benton County. As

UNITED STATES' ANSWER TO AMENDED COMPLAINT - 2
[P30320DW.RT1]

such, the United States denies.

7. The United States admits that Benton County is a county within the State of Washington.

8. With respect to paragraph 8, the United States admits that State Farm Insurance Company is a corporation doing business in the State of Washington. With respect to the balance of the allegations contained in paragraph 8, the United States is without sufficient information to form an opinion as to the truth of the matters asserted. As such, the United States denies.

9. The United States is currently without sufficient information to form an opinion as to the truth of the matters asserted in paragraph 9. As such, the United States denies.

10. The United States admits that Washington is one of the 50 states of the United States of America.

11. With respect to paragraph 11, the United States admits that the United States Department of Energy and the United States Department of the Interior are duly recognized agencies of the United States. The United States believes that during all material times set forth in this litigation, its employees were acting within the scope of their employment. However, based on the vagueness of the actions Plaintiffs refer to, the United States is without sufficient information to form an opinion as to the truth of the matter asserted. As such, the United States denies.

## JURISDICTION

12. The United States asserts that paragraph 12 of Plaintiffs' Amended Complaint is a jurisdictional averment to which no response is required. To the extent a response is deemed required, the United States denies.

UNITED STATES' ANSWER TO AMENDED COMPLAINT - 3
[P30320DW.RT1]

13. The United States asserts that paragraph 13 of Plaintiffs' Amended Complaint is an averment regarding venue to which no response is required. To the extent a response is deemed required, the United States denies.

## FACTS

14. The United States admits that it, and/or its agencies, own, possess and occupy land near Richland, Washington, commonly known as the Hanford site. To the extent a further answer to paragraph 14 is deemed required, the United States denies.

15. To the extent that Plaintiffs' allegations contained in paragraph 15 attempt to establish a duty by the United States to others, the United States denies the allegations contained in paragraph 15. By way of further answer, the United States indicates that an area known as the Arid Land Ecology (ALE) Reserve exists on the Hanford site. The United States further admits that State Highway Route 24 (SR 24) crosses property on the Hanford site.

16. With respect to the allegations contained in paragraph 16, the United States believes that the allegations are vague with respect to the time frame in which Plaintiffs allege. As such, the United States denies the allegations contained in paragraph 16. By way of further answer, the United States admits that the State of Washington has an easement relating to property along and adjacent to SR 24. Prior to the fire complained of in this Amended Complaint, the United States assisted the State of Washington in undertaking certain efforts to maintain fire protection over and across its easement.

17. The United States denies the allegations contained in paragraph 17. By way of further answer, the United States indicates that the State of Washington had an easement for land that ran along and adjacent to SR 24 at all times material hereto. Moreover, the United States respectfully answers that it contracted fire

UNITED STATES' ANSWER TO AMENDED COMPLAINT - 4
[P30320DW.RT1]

1  prevention, firefighting and other related matters to a third party contractor. As
2  such, to the extent that Plaintiffs allege that the United States was involved in
3  fighting fires and using existing fire breaks and roadways for fighting such fires,
4  the United States denies.

5      18.   The United States admits that in June, 1997, the Department of
6  Energy (DOE) and the U.S. Fish and Wildlife Service (F&WS) entered into a
7  Permit and Memorandum of Understanding (MOU) for the purpose of identifying
8  responsibilities regarding management of the Arid Lands Ecology (ALE) Reserve.
9  The United States further admits that under the terms of the Permit and MOU,
10 F&WS assumed responsibility for coordinating law enforcement, fire protection,
11 emergency preparedness, and emergency medical services programs for the ALE
12 Reserve. The United States further answers that in September, 1998, F&WS
13 entered into a cooperative agreement with the Hanford Fire Department, which
14 was operated by DynCorp Tri-Cities Services, Inc., a subcontractor to Fluor
15 Hanford, Inc. Under this agreement, the Hanford Fire Department agreed to
16 provide firefighting services on the ALE Reserve on behalf of F&WS.

17     19.   With respect to the allegations contained in paragraph 19, the United
18 States admits that it is generally aware that fires can occur on the Hanford site.
19 The United States denies the balance of allegations contained in paragraph 19, to
20 the extent that they refer to a duty or responsibility that the United States
21 undertook. By way of further answer, the United States admits that over the years,
22 it has directed its contractors to undertake fire prevention and protection activities.

23     20.   With respect to the allegations contained in paragraph 20, the United
24 States denies.

25     21.   With respect to the allegations contained in paragraph 21, the United
26 States denies. By way of further answer, the United States admits that it has

27
28 UNITED STATES' ANSWER TO AMENDED COMPLAINT - 5
   [P30320DW.RT1]

received letters from third parties discussing fire breaks and fire prevention.

22. The United States denies the allegations contained in paragraph 22.

23. The United States denies the allegations contained in paragraph 23.

24. The United States denies the allegations contained in paragraph 24. By way of further answer, the United States admits that the State of Washington has an easement across the Hanford site upon which SR 24 exists. To the extent that any party had a responsibility to maintain fire breaks in this area, that responsibility rests with the State of Washington.

25. With respect to the allegations contained in paragraph 25, the United States is currently without sufficient information to form an opinion as to the truth of the matters asserted. As such, the United States denies.

26. The United States admits that on June 27, 2000, on SR 24, Phyllis Arnold caused an automobile accident on SR 24 which ignited a fire on and along the roadway. The United States further answers that this automobile accident was the sole and proximate cause of the fire that ignited on and along the roadway. To the extent a further answer is deemed required with respect to paragraph 26, the United States denies.

27. The United States denies the allegations contained in paragraph 27.

28. The United States denies the allegations contained in paragraph 28.

29. The United States denies the allegations contained in paragraph 29.

30. The United States denies the allegations contained in the first sentence of paragraph 30. With respect to the second sentence of paragraph 30, the United States admits that the fire ultimately burned a large tract of land including both public and private lands. To the extent an additional response is deemed required, the United States denies.

UNITED STATES' ANSWER TO AMENDED COMPLAINT - 6
[P30320DW.RT1]

31. The United States denies the allegations contained in paragraph 31.

32. The United States denies the allegations contained in paragraph 32.

33. The United States denies the allegations contained in paragraph 33.

34. The United States denies the allegations contained in paragraph 34.

### FIRST CAUSE OF ACTION
### (Negligence)

35. The United States realleges and incorporates by reference its answers to paragraphs 1 through 34, above, as if fully set forth herein.

36. The United States denies the allegations set forth in paragraph 36.

### SECOND CAUSE OF ACTION
### (Outrage)

37. The United States realleges and incorporates by reference its answers to paragraphs 1 through 36, above, as if fully set forth herein.

38. The United States denies the allegations contained in paragraph 38.

### THIRD CAUSE OF ACTION
### (Infliction of Emotional Distress)

39. The United States realleges and incorporates by reference its answers to paragraphs 1 through 38, above, as if fully set forth herein.

40. The United States denies the allegations contained in paragraph 40.

### FOURTH CAUSE OF ACTION
### (Trespass)

41. The United States realleges and incorporates by reference its answers to paragraphs 1 through 40, above, as if set forth fully herein.

42. The United States denies the allegations set forth in paragraph 42.

UNITED STATES' ANSWER TO AMENDED COMPLAINT - 7
[P30320DW.RT1]

## FIFTH CAUSE OF ACTION
### (Wrongful Death and Survival Statutes)

43. The United States realleges and incorporates by reference its answers to paragraphs 1 through 42, above as if fully set forth herein.

44. The United States denies the allegations contained in paragraph 44.

45. The United States denies the allegations contained in paragraph 45.

The balance of Plaintiffs' Amended Complaint is a prayer for relief and a jury demand to which no response is required. However, to the extent that a response is deemed required, the United States denies. By way of further answer, the United States asserts that, pursuant to the Federal Tort Claims Act and 28 U.S.C. Section 2402, a bench trial is applicable in this case.

## FURTHER ANSWER, AFFIRMATIVE DEFENSE AND COUNTERCLAIM

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The claims do not allege a negligent or wrongful act by an employee of the United States.

### THIRD DEFENSE

The alleged injuries were caused solely by the acts or omissions of other parties, persons, or entities, their servants, agents, representatives, or employees, none of whom are agencies or employees of the United States for whom the United States has any liability pursuant to the Federal Tort Claims Act.

### FOURTH DEFENSE

Defendant United States, through its employees and agents, acted with due care and diligence at all relevant times.

## FIFTH DEFENSE

No acts or omissions by the United States were the proximate cause of any injury to the Plaintiffs.

## SIXTH DEFENSE

In the event the United States is found to have been negligent, which negligence is denied, the superceding and intervening negligence of third parties, and the superceding and intervening cause of high winds that occurred during the fire for whom the United States cannot be held liable, broke any causal connection between the United States' negligence and the Plaintiffs' alleged injuries, cutting off the legal effect of the defendant Unites States' negligence.

## SEVENTH DEFENSE

In the event the United States is found to have been negligent, which negligence is denied, the negligence of the Plaintiffs was the proximate cause and contributed to any alleged injuries or damages sustained, thereby mandating that any recovery be proportionately reduced.

## EIGHTH DEFENSE

Plaintiff Washington State's suit is barred because Plaintiff Washington State did not file a written tort claim to the appropriate federal agency within two years after the claim accrued.

## NINTH DEFENSE

The Court lacks jurisdiction over the subject matter of the action because the Amended Complaint does not allege that prior to instituting this action, the Plaintiffs presented an administrative tort claim that specified a certain amount of damages.

## TENTH DEFENSE

The claims are barred to the extent they are based on the exercise or

UNITED STATES' ANSWER TO AMENDED COMPLAINT - 9
[P30320DW.RT1]

performance or the failure to exercise or perform a discretionary function or duty. 28 U.S.C. § 2680(a).

### ELEVENTH DEFENSE

The injuries and/or damage alleged by Plaintiffs in their Amended Complaint are attributable to intervening or superceding acts and/or events that alleviated any liability of the United States.

The United States reserves the right to raise defenses and assert counterclaims, cross-claims, or third-party claims as may be discovered during the course of discovery.

**WHEREFORE**, having fully answered Plaintiffs' Amended Complaint, Defendant requests that Plaintiffs' claims be denied and judgment entered in favor of Defendant, United States.

**RESPECTFULLY SUBMITTED** this 24th day of March, 2003.

JAMES A. McDEVITT
United States Attorney

JAMES R. SHIVELY
First Assistant U.S. Attorney

ROLF H. TANGVALD
Assistant U. S. Attorney

UNITED STATES' ANSWER TO AMENDED COMPLAINT - 10
[P30320DW.RT1]

1 | I hereby declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that
2 | on this 24th day of March, 2003, I served copies of the United States' Answer to
3 | Amended Complaint upon counsel, in the manner indicated below:

| ■ First Class Mail | Robert A. Dunn |
| ☐ Facsimile | Dunn & Black, P.S. |
| ☐ Hand Delivery | Peyton Bldg., Ste. 200 |
| ☐ Overnight Delivery | 10 North Post |
| | Spokane, WA 99201 |

| ■ First Class Mail | William J. Flynn, Jr. |
| ☐ Facsimile | Flynn, Merriman & Palmer, P.S. |
| ☐ Hand Delivery | 830 N. Columbia Center Blvd. |
| ☐ Overnight Delivery | Kennewick, WA 99336 |

| ■ First Class Mail | Thomas A. Wolfe |
| ☐ Facsimile | The Wolfe Firm |
| ☐ Hand Delivery | AGC Bldg. |
| ☐ Overnight Delivery | 1200 Westlake Ave. North, Ste. 809 |
| | Seattle, WA 98109-3590 |

DEBBY WALSDORF
Paralegal Specialist

UNITED STATES' ANSWER TO AMENDED COMPLAINT - 11
[P30320DW.RT1]